# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER CAMBPELL, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00271-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE PLAINTIFF'S LODGED FIRST AMENDED COMPLAINT OF DECEMBER 2, 2019 AS THE FIRST AMENDED COMPLAINT<br>(ECF No. 17)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 17)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on February 14, 2019, and the matter was transferred to this Court on February 27, 2019. (ECF Nos. 1, 3.) Plaintiff's original complaint was filed on February 14, 2019. (ECF No. 1.) On July 12, 2019, Plaintiff participated in an unsuccessful settlement conference before Magistrate Judge Stanley A. Boone. (ECF No. 14.) Thereafter, Plaintiff lodged two proposed first amended complaints on September 26, 2019, (ECF No. 16), and December 2, 2019, (ECF No. 17).

The Court construes the lodged first amended complaints as motions to amend the complaint. As the complaint has not yet been screened and no defendants have appeared in this

action, the Court accepts the most recently lodged first amended complaint, submitted on December 2, 2019, as the operative complaint. Plaintiff's first amended complaint supersedes the original complaint and is currently before the Court for screening. (ECF No. 17.)

## I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's First Amended Complaint

Plaintiff is currently housed at Corcoran State Prison in Corcoran, California. The events in the first amended complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names the following defendants (all defendants are employed at CCI unless otherwise identified): (1) Correctional Lieutenant Kristopher Campbell; (2) Secretary John Doe of CDCR; (3) Board of

Supervisors for the Municipality of Kern County; (4) Kern County District Attorney Lisa S. Green; (5) Chief at CDCR Office of Appeals (Sacramento) M. Voong; (6) Warden Kim Holland; (7) Associate Warden J. Gutierrez; (8) Associate Warden Patrick Matzen; (9) Chief Deputy Warden E. Garcia; (10) Captain M. Lopez; (11) Captain M. Hodges; (12) Lieutenant M. Slankard; (13) Lieutenant M. Reyes; (14) Lieutenant Brian L. Parriot; (15) Lieutenant T. Kephart; (16) Kern County Deputy District Attorney L. Gordon Isen; (17) Sergeant J. Parker; (18) Sergeant T. Clayton; (19) Sergeant Andres Cantu; (20) Correctional Officer J. Davis; (21) Correctional Officer Eric Young; (22) Correctional Officer Erik Martinez; and (23) Correctional Officer Scott Hollingsworth.

Though Plaintiff's first amended complaint is relatively short, the allegations are confusing and consist mainly of legal citations and conclusory statements. Nevertheless, the Court will attempt to summarize Plaintiff's allegations as follows:

On February 4, 2015, while incarcerated at CCI, based on Plaintiff initiating civil actions against a plethora of state officials before this Court, Defendant John Doe authorized Defendants Holland, Matzen, Gutierrez, Parriot, Voong, Hodges, Slankard, Kephart, Clayton, Davis, Cantu, Young, Martinez, Hollingsworth and Campbell to utilize acts of corporal punishment against Plaintiff with uses of physical force in violation of specific provisions of California's Penal Codes, Codes of Regulations, and Articles of the California Constitution. Defendant John Doe further assured these same defendants that no legal or punitive measures would incur against them from CDCR based on such conduct.

Defendants Cantu and Young, with a host of other correctional staff, including Defendant Martinez, actually beat Plaintiff. Moreover, Defendants Martinez and Campbell, at the conclusion of this use of force against Plaintiff, then initiated a harassing strip search of Plaintiff. Defendants Campbell, Parriot, Gutierrez, Matzen, Kephart, Clayton, Cantu, Young, Martinez and Hollingsworth then authored a Crime Report against Plaintiff for this incident. Defendants Garcia, Doe, Holland, Voong, Gutierrez, Matzen, Lopez, Hodges, Slankard, Reyes, Parriot, Kephart, Parker, Clayton, Davis, Campbell and Hollingsworth failed to act even though they were aware of the conduct of Defendants Cantu and Young and the false Crime Report that alleged that

1  Plaintiff assaulted Defendant Cantu, when Defendants Cantu, Young and Martinez utilized illegal
2  physical force against Plaintiff and Defendant Martinez conducted an harassing an illegal strip
3  search of Plaintiff.  Plaintiff alleges that this failure to act makes these Defendants liable for the
4  same conduct as if they committed these acts against Plaintiff as well.
5       Defendants Doe, Voong, Hodges, Matzen, Gutierrez, Reyes and Parriot then adjudicated
6  within CDCR's disciplinary system the false charge of Plaintiff having assaulted Defendant
7  Cantu and sustained the allegation of guilt against Plaintiff for said charge.
8       Plaintiff alleges that upon notification of this incident, Defendants Doe, Holland,
9  Gutierrez, Voong, Green and Isen had an affirmative duty to ensure Plaintiff's safety by having
10 him either removed from the custody of correctional officials at CCI and relocated elsewhere, or
11 Defendants Green and Isen (employed by the Kern County District Attorney's Office) should
12 have filed an action against Plaintiff's assailants in state court.  Instead these defendants
13 deliberately chose to fail to act at all.  Plaintiff alleges that the conduct of Defendants Green and
14 Isen is retaliative based on Plaintiff's filing of Civil Actions against a plethora of state actors
15 before this Court, making the Municipality of Kern County, i.e. its Board of Supervisors, liable
16 for suit in this action for its County Officers' willful neglect.
17      Plaintiff alleges that Defendants Doe, Holland, Voong, Gutierrez, Green, Isen, Matzen,
18 Garcia, Lopez, Hodges, Slankard, Reyes, Parriot, Kephart, Parker, Davis, Clayton and
19 Hollingsworth have violated the following provisions of the U.S. Constitution: 1st Amendment –
20 Retaliation; 4th Amendment – Illegal Search and Seizure; 8th Amendment – Cruel and Unusual
21 Punishment, Deliberate Indifference and Excessive Force; and 14th Amendment – Abuse of
22 Process and Due Process.  Plaintiff alleges that Defendants Cantu, Young, Campbell, and
23 Martinez's conduct is in violation of the following provisions of the U.S. Constitution: 1st
24 Amendment – Retaliation; 4th Amendment – Illegal Search and Seizure; 8th Amendment – Cruel
25 and Unusual Punishment and Excessive Force; 14th Amendment – Abuse of Process and Due
26 Process.  Plaintiff alleges that Defendants Cantu, Young, and Martinez have violated state law
27 through defamation (slander/libel).  Plaintiff alleges that the Municipality of Kern County, i.e. it's
28 Board of Supervisors, is liable for suit based on the conduct of its County Officers (Defendants

4

Green and Isen), in violation of the 8th Amendment for deliberate indifference.

Plaintiff seeks relief in the form of compensatory, nominal, and punitive damages, the expungement from his correctional file of the finding of guilt for the false assault charge, and restoration of good time credits lost in connection to the above guilty finding.

### III.     Discussion

#### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Most of Plaintiff's allegations are vague and conclusory statements, or citations to various codes or constitutional provisions. As currently pled, Plaintiff's first amended complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff names more than twenty different Defendants, however, Plaintiff's description of the alleged events is only general and conclusory statements. Plaintiff's first amended complaint alleges various claims but does not clearly state which claim is alleged against which defendant, and which specific facts support each claim. Plaintiff's first amended complaint is nearly devoid of dates and any acts committed by any persons that relate to any claim. The Court will grant Plaintiff

leave to file an amended complaint.

### B. Supervisory Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names Defendant Secretary of CDCR John Doe, various Wardens and Associate Wardens, and other individuals who hold supervisory level positions. However, a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory defendants participated in or directed conduct associated with his claims or instituted a constitutionally deficient policy. Plaintiff alleges conclusory allegations that Defendant John Doe authorized the other named CCI defendants to utilize physical force against Plaintiff and assured the defendants that no legal or punitive measures would be taken against them. Plaintiff also alleges in a conclusory fashion that other supervisory level defendants were aware of actions taken by other defendants and because they took no action, are also liable for the conduct of their subordinates. Plaintiff does not describe any specific action taken by these defendants or specific policy, but instead offers vague and conclusory allegations of the involvement of these defendants in alleged constitutional violations. Such conclusory allegations are insufficient to state a cognizable claim.

///

### C. Municipal Liability

Plaintiff names the Board of Supervisors for the Municipality of Kern County as a defendant.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Dep't of Soc. Services, 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163–64 (9th Cir. 2003). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. Cty. of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Here, although Plaintiff names the Kern County Board of Supervisors, he makes no allegations that would sustain liability under Monell. He does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Kern County. He also fails to allege that any omission on the part of Kern County caused an employee to commit a constitutional violation.

### D. Failure to Bring Criminal Charges

Plaintiff also names Kern County District Attorney Lisa S. Green and Kern County Deputy District Attorney L. Gordon Isen as defendants. Plaintiff appears to allege that these defendants are liable for their failure to criminally prosecute Plaintiff's alleged assailants in state

court.

Plaintiff has no constitutional right to have another person criminally prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Johnson v. Craft, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice.").

### E. Eighth Amendment – Excessive Force

Plaintiff alleges that Defendants Cantu, Young and Martinez used excessive force in violation of Plaintiff's Eighth Amendment rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

As noted above, Plaintiff's first amended complaint fails to include sufficient factual allegations to state cognizable claims against any defendants as pled, because it contains only vague and conclusory statements. Though Plaintiff alleges that Defendants Cantu, Young, and Martinez beat him, Plaintiff has included no further information, such as an approximate date on which the alleged incident occurred, that would allow the Court to find a cognizable claim.

Plaintiff will be granted leave to amend to correct this deficiency.

### F. Fourth Amendment – Strip Search

Plaintiff alleges that Defendants Martinez and Campbell conducted a harassing strip search of Plaintiff.

"The Fourth Amendment prohibits only unreasonable searches." Bell v. Wolfish, 441 U.S. 520, 558 (1979). Courts regularly recognize the importance and difficulty of keeping detention facilities free from drugs, weapons, and other contraband. Id. at 559; see also Way v. Cty. of Ventura, 445 F.3d 1157, 1161 (9th Cir. 2006). However, courts also recognize the "frightening and humiliating invasion" occasioned by a strip search "even when conducted with all due courtesy." Way, 445 F.3d at 1160 (internal quotation marks omitted); Byrd v. Maricopa Cty. Sheriff's Dep't, 629 F.3d 1135, 1143 (9th Cir. 2011). Although some visual body cavity searches of prisoners may be reasonable, others can "be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder v. Sumner, 860 F.2d 328, 322 (9th Cir. 1988). There is no precise definition to assess reasonableness, and each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." Bell, 441 U.S. at 559. The prisoner "bears the burden of showing that [prison] officials intentionally used exaggerated or excessive means to enforce security." Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997) (quoting Michenfelder, 860 F.2d at 333) (finding visual body cavity search conducted in full view of other inmates and intended to detect illicit drugs was reasonably related to a legitimate penological interest).

Here, Plaintiff's first amended complaint fails to demonstrate that the strip search at issue was unreasonable. Plaintiff's allegations do not sufficiently demonstrate that the single search at issue was excessive, vindictive, or harassing. Plaintiff's conclusory statement that the strip search was harassing, is not sufficient on its own to support a finding that the search was not related to a legitimate penological interest. Plaintiff will be granted leave to amend to correct this deficiency.

### G. False Crime Report

Plaintiff alleges that Defendants Campbell, Parriot, Gutierrez, Matzen, Kephart, Clayton, Cantu, Young, Martinez, and Hollingsworth authored a Crime Report against Plaintiff following

the alleged use of force and harassing strip search, which falsely accused Plaintiff of assaulting Defendant Cantu.

The issuance of a false RVR or false crime report does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951–53 (2d. Cir. 1986)).  Accordingly, any assertion by Plaintiff that disciplinary charges against him were false, without more, fails to state a cognizable due process claim.

### H.     Eighth Amendment – Failure to Intervene

Plaintiff also alleges that Defendants Garcia, Doe, Holland, Voong, Gutierrez, Matzen, Lopez, Hodges, Slankard, Reyes, Parriot, Kephart, Parker, Clayton, Davis, Campbell and Hollingsworth were aware of the alleged excessive use of force, harassing strip search, and false crime report, but failed to act.  To the extent Plaintiff is alleging that these Defendants were present during the alleged excessive use of force or harassing strip search and failed to intervene, Plaintiff also fails to state a cognizable claim.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Based on the conclusory allegations in the first amended complaint, it is not clear to the Court that any of these Defendants were actually present during the alleged incident. In any amended complaint, Plaintiff should include more factual allegations to support which defendants were actually present such that they were in a position to intervene. To the extent Plaintiff alleges that these defendants failed to intervene in the filing of the false crime report, Plaintiff fails to state a cognizable claim, as discussed above.

**I.     Due Process**

Plaintiff alleges that Defendants Doe, Voong, Hodges, Matzen, Gutierrez, Reyes and Parriot adjudicated the allegedly false charge of Plaintiff assaulting Defendant Cantu, and sustained the allegation of guilt against Plaintiff for said charge.

"When protected interests are implicated, the right to some kind of prior hearing is paramount . . . ." Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972)). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is

whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455–56.

Plaintiff has not provided any allegations that his Due Process rights were violated when the crime report was adjudicated, aside from his allegation that the crime report itself was falsified. Thus, Plaintiff's factual allegations fail to establish that the proceedings did not meet the minimum procedural requirements. Plaintiff will be granted leave to amend to cure this deficiency.

### J.     Failure to Transfer Plaintiff to Another Institution

Plaintiff alleges that Defendants Doe, Holland, Gutierrez, and Voong had an affirmative duty to have Plaintiff removed from the custody of correctional officers at CCI and relocated elsewhere. However, Plaintiff does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002).

### K.     First Amendment – Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) ). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff alleges that Defendant Doe authorized the CCI defendants to utilize physical force against him based on Plaintiff initiating civil actions against a plethora of state officials before this Court. Similarly, Plaintiff alleges that Defendants Green and Isen failed to bring an action in state court against his assailants, also because Plaintiff filed civil actions against a

plethora of state actors.

Plaintiff's allegations are conclusory and fail to allege that these Defendants knew of Plaintiff's various civil actions and specifically took (or failed to take) actions because of those civil actions. In addition, Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff will be granted leave to amend to cure this deficiency.

**L.     Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930 (9th Cir. 2004) (citation omitted).

Here, Plaintiff's first amended complaint fails to state a claim for conspiracy. Plaintiff has not adequately alleged a meeting of the minds or a deprivation of his constitutional rights. Moreover, in the absence of a cognizable § 1983 claim, Plaintiff cannot support a claim for conspiracy under § 1985. Plaintiff makes general, omnibus allegations that the Defendants, in doing the myriad of acts alleged, were doing so in the furtherance of some conspiracy. Plaintiff must plead the basic elements of a civil conspiracy: an agreement and concerted action amongst the defendants in the furtherance of that agreement, and that each defendant conspired to violate Plaintiff's constitutional rights. See also Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008) (noting that a bare allegation of a conspiracy is almost impossible to defend against where numerous individuals are concerned).

**M.     Restoration of Good Time Credits**

To the extent Plaintiff requests relief in the form of good time credits he lost as a result of the finding of guilt for the allegedly false crime report and expungement of the guilty finding from his record, it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable

termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82.

A judgment in favor of Plaintiff on his claim will necessarily imply the invalidity of the disciplinary action, and Plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See e.g., Cox v. Clark, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, 2009 WL 1287872, *7–*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits.").

### N. State Law Claims

Plaintiff also appears to assert state law claims for defamation (slander/libel) through the filing of an allegedly false crime report. The California Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v.

1  California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim– Panahi v. Los
2  Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has failed to allege compliance
3  with the Government Claims Act.

4  **IV.    Conclusion and Order**

5        Based on the above, the Court finds that Plaintiff's first amended complaint fails to
6  comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claims for relief.
7  Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the
8  extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

9        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
10  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
11  U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must
12  be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at
13  555 (citations omitted).  **Further, any amended complaint may not exceed twenty-five (25)**
14  **pages in length**.

15        Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
16  claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
17  "buckshot" complaints).

18        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
19  Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
20  complaint must be "complete in itself without reference to the prior or superseded pleading."
21  Local Rule 220.

22        Based on the foregoing, it is HEREBY ORDERED that:
23  1. The Clerk of the Court shall file Plaintiff's December 2, 2019 lodged first amended
24      complaint, (ECF No. 17), as the first amended complaint;
25  2. The Clerk's Office shall send Plaintiff a complaint form;
26  3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second
27      amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies
28      identified by the Court in this order or file a notice of voluntary dismissal; and

4. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated: __**August 6, 2020**__       /s/ *Barbara A. McAuliffe* _
                                    UNITED STATES MAGISTRATE JUDGE