1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

LAWRENCE CHRISTOPHER SMITH,

12

Plaintiff,

13

v.

14

CAMBPELL, *et al.*,

15

Defendants.

16
17
18
19

Case No.  1:19-cv-00271-AWI-BAM (PC)

ORDER STAYING PROCEEDINGS
PENDING RESOLUTION OF FINDINGS
AND RECOMMENDATIONS

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DENYING MOTION
FOR RELIEF FROM JUDGMENT AND
RECOMMENDING DISMISSAL WITH
PREJUDICE FOR BAD FAITH CONDUCT

(ECF No. 34)

**TWENTY-ONE (21) DAY DEADLINE**

20

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se*

21

and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

22

**I.     Procedural History**

23

Plaintiff initiated this action on February 14, 2019, and the matter was transferred to this

24

Court on February 27, 2019.[1]  (ECF Nos. 1, 3.)  On July 12, 2019, Plaintiff participated in an

25

_____

26

[1] Plaintiff has filed companion cases in this district: (1) Smith v. Chanelo, Case No. 1:16-cv-
01356-NONE-BAM; (2) Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM; (3) Smith v.
Weiss, Case No. 1:18-cv-00852-NONE-BAM; and (4) Smith v. Gibbs, Case No. 1:18-cv-00854-
NONE-BAM.  The Court takes judicial notice of these actions and the pleadings filed therein.
These actions were originally filed as a single action, which this Court severed into several new cases.
Recently, two of these cases have been dismissed for Plaintiff's bad faith conduct:  Smith v. Chanelo,

27
28

1

1   unsuccessful settlement conference before Magistrate Judge Stanley A. Boone.  (ECF No. 14.)

2   Thereafter, Plaintiff lodged two proposed first amended complaints on September 26, 2019, (ECF

3   No. 16), and December 2, 2019, (ECF No. 17).

4         The Court construed the lodged first amended complaints as motions to amend the

5   complaint.  As the complaint had not yet been screened and no defendants had appeared in this

6   action, the Court accepted the most recently lodged first amended complaint, submitted on

7   December 2, 2019, as the operative complaint.  Plaintiff's first amended complaint superseded the

8   original complaint.  The Court screened the first amended complaint and granted leave to amend.

9   (ECF Nos. 17, 20.)  Plaintiff filed a second amended complaint on August 31, 2020.  (ECF No.

10   22.)  After filing the second amended complaint and before the Court screened the second

11   amended complaint, Plaintiff filed a motion to amend and supplement the complaint and lodged a

12   third amended complaint.  (ECF Nos. 23, 24.)  In that motion, Plaintiff argued that the pleadings

13   in several of his pending actions warrant the filing of a single complaint before the Court.

14   Plaintiff acknowledged that several of these actions were originally filed as a single action, which

15   this Court then severed into several new cases.  In addition, Plaintiff acknowledged that he has

16   tried on several occasions, in several of these actions, to have the cases consolidated into a single

17   complaint, but has been unsuccessful.[2]

18         On September 28, 2020, the Court screened Plaintiff's second amended complaint[3] and

19   issued findings and recommendations recommending that this action proceed on Plaintiff's

---

Case No. 1:16-cv-01356-NONE-BAM dismissed on March 8, 2021 (ECF No. 80), and Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM dismissed on March 5, 2021 (ECF No. 63).

[2] The Court is aware, and Plaintiff acknowledges, that he has repeatedly attempted to consolidate a myriad of unrelated claims and defendants into a single action, over the course of several years and in a handful of separate and unrelated actions.  See, e.g., Smith v. Chanelo, Case No. 1:16-cv-01356-NONE-BAM, ECF Nos. 20, 22–24, 29, 41–42, 44–47, 64; Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM, ECF Nos. 6, 16; Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM, ECF Nos. 25–26, 28, 48; Smith v. Gibbs, Case No. 1:18-cv-00854-NONE-BAM, ECF Nos. 25–26, 29.

[3] Before screening the second amended complaint, Plaintiff had already filed or lodged five separate complaints and amended complaints in this action, (ECF Nos. 1, 16, 17, 21, 22, 24), though the Court issued only one screening order granting Plaintiff leave to file a second amended complaint.  (ECF No. 20.)

excessive force claim against Defendants Cantu, Young, and Martinez, and that all other claims and all other defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted. (ECF No. 26.)  Having dealt with Plaintiff's numerous and repetitive motions, in this case and throughout the five different cases, which attempt to consolidate the severed actions into one action, the Court found Plaintiff was acting in bad faith:

> In light of Plaintiff's history of litigation, in this action and his other actions which he seeks to consolidate with this action, the Court finds that Plaintiff's motion to amend to consolidate all of his claims in a single action and complaint **is brought in bad faith** and would produce an undue delay in litigation. Furthermore, as this request has been repeatedly denied by the Court in these prior actions, the Court finds that granting leave to file such an amended complaint would be futile. (Id. (emphasis added.))

In lieu of objections, on November 19, 2020, Plaintiff filed an untimely motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 27.)  On December 7, 2020, the assigned District Judge construed Plaintiff's motion as objections to the findings and recommendations, accepted the untimely objections, and adopted the findings and recommendations in full. (ECF No. 29.)  On December 14, 2020, the Court initiated service on Defendant Cantu, Young and Martinez, and is awaiting responses by these defendants.

## II.      Plaintiff's Motion for Relief from Judgment

On January 26, 2021, Plaintiff filed a Motion for Relief from Judgment for denying him leave to file the third amended complaint. (ECF No. 34.)  In this motion he seeks "reconsideration" of the orders denying his motion to amend. (See Motion at ECF No. 34; Orders at ECF Nos. 26, 29.)  Plaintiff argues that he adequately alleges a conspiracy spanning many years and multiple acts, supported by evidence he can produce.  However, from a review of the Motion for Relief from Judgment, the bulk of the allegations address the purported wrongful conduct of judicial and prosecutorial defendants in his, as best the Court can determine, two convictions.[4]

---

[4] In the interest of judicial economy, the Court does not recite the allegations in depth.  The Motion spans 25 hand-written pages and argues much of what the Court has read in the various other pleadings which Plaintiff has filed across the five related/severed cases.  In addition, in the Motion for Relief from Judgment, Plaintiff also argues that he has been wrongly convicted, due to

Plaintiff argues that he was denied equal protection and falsely accused of first-degree murder in 2004, and was tried and convicted in May 2006, having been denied exculpatory evidence, wrongful line up, among other wrongs. (ECF No. 29, pp. 6–8.) Plaintiff also alleges a challenge to his conviction for assaulting Defendant Cantu, which he appealed and filed a habeas corpus petition, and his conviction was conditionally reversed. (Id. at 10–12.) As best the Court can determine, Plaintiff alleges irregularities at the hearing(s) in the Superior Court following the conditional reversal, including issuance of subpoenas, witnesses' disobedience, contempt proceedings, lack of discovery, obstruction of justice by judges, and generally, denial of due process in the proceedings. (Id. at 12–13, 17–25.) It is unclear why these events are recounted to the Court, except to allege that everyone involved in the criminal case has been involved in a conspiracy related to his convictions.

The motion is a rambling litany of facts going back fifteen years and challenges proceedings and events from long ago events. The Court has previously warned Plaintiff that the scope of this litigation is narrow, and limited to the events surrounding the claim of excessive force for the incident on February 4, 2015.

**III.   Discussion**

The Motion for Relief from Judgment is another in a long line of Plaintiff's disagreement with the Court, in this case and his other cases, that he cannot join claims and defendants in violation of Rules 18 and 20. Plaintiff will not accept the Court's orders.

  **A.   The Court's Sanction Authority under Federal Rule of Civil Procedure 11 and the Court's Inherent Authority**

Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cty. of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). "'Frivolous filings' are those that are 'both baseless and made without a reasonable and competent inquiry.'" Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting Townsend v. Holman Consulting Corp.,

---

the malfeasance of other defendants. (ECF No. 34, p. 11.)

929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).  "The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party."  McMahon v. Pier 39 Ltd. P'ship, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).

In addition to Rule 11, courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  Fink v. Gomez, 239 F.2d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Pipe, 447 U.S. 752, 766 (1980)).  Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith."  Id. at 994.  Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  Id.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive litigation tactics.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), cert. denied, 516 U.S. 838 (1995); Delange v. Dutra Constr. Co., Inc., 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules").  Individuals proceeding in pro per are bound by the Court's Local Rules just the same as licensed attorneys.  See E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.")."

///

///

5

**B.      Plaintiff Has Been Found to be Acting in Bad Faith in this Action**

Plaintiff has already been found to be acting in bad faith in this action based on the following facts.  After Plaintiff initiated this action on February 14, 2019, Plaintiff filed or lodged five separate complaints and amended complaints in this action, (ECF Nos. 1, 16, 17, 21, 22, 24), and the Court has issued one screening order granting Plaintiff leave to file a second amended complaint.  (ECF No. 20).  Plaintiff had already amended his complaint once as a matter of course, (ECF No. 21), and filed a second amended complaint with leave of the Court.  (ECF No. 22.)  Plaintiff therefore required further leave of Court to file a third amended complaint.[5]

Plaintiff, nonetheless, sought leave to amend again to consolidate the various actions and lodged a third amended complaint.  (ECF No. 27.)  The Court reminded Plaintiff, and Plaintiff acknowledged, that he had repeatedly attempted to consolidate a myriad of unrelated claims and defendants into a single action, over the course of several years and in a handful of separate and unrelated actions.  See, e.g., Smith v. Chanelo, Case No. 1:16-cv-01356-NONE-BAM, ECF Nos. 20, 22–24, 29, 41–42, 44–47, 64; Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM, ECF Nos. 6, 16; Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM, ECF Nos. 25–26, 28, 48; Smith v. Gibbs, Case No. 1:18-cv-00854-NONE-BAM, ECF Nos. 25–26, 29.

The Court denied Plaintiff's motion to amend (to file a third amended complaint) and screened the second amended complaint.  The Court issued Findings and Recommendations that found cognizable Plaintiff's excessive force claim against Defendants Cantu, Young and Martinez for the incident on February 4, 2015, but also expressly cautioned Plaintiff stating:

> **In light of Plaintiff's history of seeking to consolidate his various cases, Plaintiff is warned not to bring a motion to consolidate this action with his other actions. Plaintiff is admonished that the Court will consider a further motion to consolidate this action with Plaintiff's other cases in a single action and complaint to be frivolous and brought in bad faith, and this action will be subject to dismissal.**

---

[5] On September 11, 2020, Plaintiff lodged a proposed third amended complaint which would have consolidated and brought into one action all of the severed and misjoined actions previously severed by the Court.  (ECF No. 24.)  Plaintiff sought to name approximately 72 defendants.  (Id.) The Court refused to permit the third amended complaint, and screened the second amended complaint, finding that it stated one cognizable claim.  (See ECF No. 26.)

1    (ECF No. 26 (emphasis in original).)  The Court issued Findings and Recommendations that

2    denied Plaintiff's motion to amend the complaint, and the District Judge adopted the Court's

3    Findings and Recommendations in full.  (ECF No. 29 ("The findings and recommendations (Doc.

4    No. 26) issued on September 28, 2020, are adopted in full.").)

5               **C.**     **The Court Finds that Plaintiff Acted in Bad Faith**

6         Plaintiff's *pro se* status does not excuse intentional non-compliance with the Federal

7    Rules of Civil Procedure or court orders.  See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th

8    Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the

9    litigation rules as is a lawyer . . . ."); see also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir.

10    1994) (holding that district court could not decline to impose any sanction for violation of Fed. R.

11    Civ. P. 11 simply because plaintiff was proceeding pro se).

12         Plaintiff has already been warned about filing repetitive, duplicative, and harassing filings.

13    He has filed numerous repetitive, misnamed, overlapping, and otherwise harassing filings in this

14    action.  (ECF Nos. 26, 29.)  Plaintiff attempted on multiple occasions to have the claims and

15    defendants rejoined, through motions for relief from judgment and motions to amend.  (Id.)  All

16    of these requests and proposed amended and supplemental complaints were denied, as the Court

17    found no support for the existence of a conspiracy among the numerous defendants, and therefore

18    no grounds that would warrant reconsideration of the earlier decision to sever this action and

19    dismiss the otherwise unrelated claims.  (ECF Nos. 26, 29.)  In Plaintiff's current motion to grant

20    relief, Plaintiff alleges some vague overarching grand conspiracy involving his convictions and

21    would have this Court join 72 defendants to this action, in violation of Rules 18 and 20.  (ECF

22    No. 34.)  As Plaintiff's motion sets forth the same baseless arguments previously raised and

23    rejected by this Court, the Court declines to expend its scarce resources in repeating the same

24    analysis in once again denying Plaintiff's motion, and refers Plaintiff to prior orders issued in this

25    action. (See ECF Nos. 26, 29.)

26         As stated above, this is not the first time in this case that the Court has found Plaintiff has

27    acted in bad faith.  The Court found him to be acting in bad faith for his frivolous motions.  (See

28    ECF No. 26, p. 3 ("[T]he Court finds that Plaintiff's motion to amend to consolidate all of his

1  claims in a single action and complaint is brought in bad faith and would produce an undue delay

2  in litigation.").) The district judge assigned to this case adopted the finding of bad faith and

3  denied amendment and denied Plaintiff's request to amend the judgement.  (ECF Nos. 27, 29.)

4  Yet, Plaintiff has filed another motion to seek relief from that order, even though such relief has

5  already been denied.  (ECF No. 29, p. 2 ("Plaintiff's motion to alter or amend judgment (Doc. No.

6  27) is denied.").)

7        Plaintiff's other cases filed in this Court have been dismissed for similar bad faith conduct

8  at issue in this case.  In <u>Smith v. Chanelo</u>, Plaintiff's case was dismissed because "Plaintiff's

9  conduct in this case is obstructive and constitutes willful disregard for the Court's orders, abusive

10 and bad faith litigation tactics, and the needless multiplication of the proceedings."  <u>Smith v.</u>

11 <u>Chanelo</u>, Case No. 1:16-cv-01356-NONE-BAM, ECF No. 78 (Findings and Recommendations

12 Recommending Dismissal With Prejudice for Bad Faith Conduct), and ECF No. 79 (Order

13 Adopting Findings and Recommendations Regarding Dismissal with Prejudice for Bad Faith

14 Conduct).  <u>Smith v. Weiss</u>, Case No. 1:18-cv-00852-NONE-BAM, was also dismissed for bad

15 faith conduct.  <u>See</u> ECF No. 58 ("Plaintiff's conduct has been vexatious and designed to

16 improperly expand, prolong and complicate this case. Accordingly, the Court finds that Plaintiff

17 has acted in bad faith.") and ECF No. 62, Order Adopting Findings and Recommendations

18 Regarding Dismissal of Action With Prejudice for Bad Faith Conduct ("Plaintiff further argues

19 that . . .  he should be permitted to amend his complaint to join claims from numerous other

20 pending cases he has before this court. This is the precise conduct for which the magistrate judge

21 has recommended terminating sanctions.").

22        Yet, despite clear guidance and firm orders from the Court, Plaintiff has brought another

23 repetitive motion on the same issue.  <u>Estate of Blue</u>, 120 F.3d 982, 985 (9th Cir. 1997) (Frivolous

24 filings are "those that are both baseless and made without a reasonable and competent inquiry."),

25 cert. denied, 522 U.S. 1111 (1998).  Plaintiff's repeat motions waste the Court's limited resources

26 and delay the resolution of this action.  Plaintiff was warned, and is well aware, that filing

27 additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources,

28 or otherwise submitting filings is considered bad faith or for the purpose of harassment, for which

Plaintiff would be subject to sanctions.  (ECF Nos. 26, 29.)

Plaintiff has not learned from these case dismissals and continues to engage in conduct he has been warned would subject him to dismissal; filing repetitive, frivolous motions.  As thoroughly stated in Smith v. Weiss:

> Here, the Court also considers Plaintiff's bad faith in light of concerns of judicial economy. Plaintiff's conduct imposes an unnecessary and extreme burden on the Court's limited resources. By failing to abide by Court orders and heed the limitations imposed by law, Plaintiff's disregard of judicial rulings imposes a significant burden on limited resources to review and decide meritless, repetitious and voluminous filings. Accordingly, this Court recommends that this case be DISMISSED as a terminating sanction.

Case No. 1:18-cv-00852-NONE-BAM, ECF No. 58, p. 12.  This Court is convinced that Plaintiff knows what to do, knows not to file repetitive motions, and chooses not to follow the Court's orders and direction.  This Court cannot tell a Plaintiff time and again to follow the rules, obey court orders throughout this case, and in the other multiple cases Plaintiff has pending in this District, and permit him to disregard the Court without severe consequences.  The Court now turns to whether the conduct warrants dismissal.

### D.      Consideration of Factors Warranting Dismissal

In determining whether to dismiss an action, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  The amount of prejudice resulting from discovery violations and the availability of less drastic sanctions are "key factors."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal. The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Here, at every turn, Plaintiff attempts to delay the proceedings, and join severed, misjoined claims despite repeated admonitions from the Court that he may not do so.  This case has been pending since 2019, and it should be a relatively straightforward excessive force case for an incident in 2015.

1   But, instead, the Court is still consumed with responding to yet another motion to join claims.

2   Given Plaintiff's continued refusal to comply with the Court's orders against filing repetitive

3   motions, the first factor weighs strongly in favor of dismissal of this action.

4        The second factor focuses on whether a particular case has "consumed large amounts of [a

5   district] court's valuable time that it could have devoted to other major and serious criminal and

6   civil cases on its docket."  See Ferdik v. Bonzelet, 963 F.2d 1261 (9th Cir. 1992), as amended

7   (May 22, 1992) ("It is incumbent upon us to preserve the district courts' power to manage their

8   dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik." )

9        As detailed in this order, the Court has devoted an inordinate amount of time to resolving

10  the claims in this case.  This time is multiplied by the time spent by the Court in Plaintiff's other

11  cases, wherein the exact conduct was at issue; filing repetitive, frivolous motions.  This factor

12  weighs strongly in favor of dismissal.

13       The third factor—prejudice to the Defendants—also favors dismissal.  "A defendant

14  suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to

15  interfere with the rightful decision of the case."  In re Phenylpropanolamine Prods. Liab. Litig.,

16  460 F.3d 1217, 1227 (9th Cir.2006) (quoting Adriana Int'l Corp. v. Thoerren, 913 F.2d 1406,

17  1412 (9th Cir. 1990)).  Here, defendants have not yet appeared in this action.  However, given

18  Plaintiff's history of failing to comply with court orders, in this case and his other cases, he has

19  multiplied the proceedings and will not comply with court orders.  This factor weighs slightly in

20  Plaintiff's favor.

21       For the fourth factor, this Court has not lost sight of the strong interest in resolving cases

22  on the merits.  But even this strong interest in deciding cases on the merits cannot override a

23  litigant's conduct in refusing to abide by court orders.  Although generally the public policy

24  favoring disposition of cases on the merits would weigh in favor of a lesser sanction than

25  dismissal, here, where Plaintiff's misconduct is the cause of delays and undue consumption of

26  court time, that factor does not weigh in Plaintiff's favor.  See In re Phenylpropanolamine Prods.

27  Liab. Litig., 460 F.3d 1217, 1228 (9th Cir.2006).  But as explained above, in this case, Plaintiff

28  has now repeatedly disregarded the Court's orders.  This factor weighs only slightly against

1    dismissal.

2         No lesser sanction is warranted.  A district court must consider the impact of a sanction

3    and whether a less severe sanction would adequately address a party's failure to engage in the

4    discovery process.  Malone v. U.S. Postal Serv., 833 F.2d 128, 131–32 (9th Cir. 1987).  The

5    Court has considered lesser sanctions, but no lesser sanction is warranted.  Evidentiary sanctions

6    would be ineffective, as Plaintiff would still attempt to bring in the misjoined claims or present

7    evidence on the misjoined claims, and the Court would have no practical way of excluding such

8    testimony, absent undue consumption of judicial resources.  Monetary sanctions are also

9    ineffective because of Plaintiff's *in forma pauperis* status.  He would likely be unable to pay any

10   monetary sanctions.

11        Additionally, Plaintiff has already been found to be acting in bad faith and failing to

12   comply with court orders.  Plaintiff has filed repetitive motions which have been previously ruled

13   on by the Court and for which Plaintiff has been admonished.  The Ninth Circuit has explained

14   that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing

15   a case, but must explore possible and meaningful alternatives."  Henderson, 779 F.2d at 1424.

16   The Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

17        **E.     Prior Warnings were Given in Clear and Explicit Terms**

18        Before ordering a terminating sanction, a court must warn the offending parties and try

19   other sanctions first.  For example, a district court's failure to warn a party that dismissal is being

20   considered as a sanction weighs heavily against the sanction.  U.S. for Use & Ben. of Wiltec

21   Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir. 1988).

22        Plaintiff has been warned in adamant terms that his continued conduct risked dismissal.

23   Plaintiff was warned that this case would be subject to dismissal for filing repetitive motions.

24   (See ECF No. 26, p. 16 ("In light of Plaintiff's history of seeking to consolidate his various cases,

25   Plaintiff is warned not to bring a motion to consolidate this action with his other actions. Plaintiff

26   is admonished that the Court will consider a further motion to consolidate this action with

27   Plaintiff's other cases in a single action and complaint to be frivolous and brought in bad faith,

28   and this action will be subject to dismissal.").)  Even with this warning, Plaintiff filed a motion

1   for relief to consolidate the general overarching "grand conspiracy" cases.  (See ECF No. 34,

2   Motion for Relief from Judgment.)  In that motion, Plaintiff argues it was error to deny

3   amendment so that he could allege conspiracies dating back to 2005.  Without question, Plaintiff

4   knew he must cease filing repetitive and meritless motions.  Nothing this Court said worked.

5   Therefore, Plaintiff has been repeatedly and adequately warned that his conduct risked sanctions

6   and possible dismissal of his case.

7        The events in this case, alone, warrant dismissal for bad faith.  But the Court does not

8   view this case in isolation.  In at least two of Plaintiff's companion cases in this Court, the same

9   or similar conduct has warranted dismissal of the cases for bad faith conduct.  Plaintiff's conduct

10  demonstrates that Plaintiff knows what he must do and not do, but that he simply will not follow

11  the Court's orders.  Plaintiff's disregard of judicial rulings imposes a significant burden on the

12  Court's limited resources in reviewing and deciding meritless, repetitious and voluminous filings.

13  Accordingly, this Court recommends that this case be DISMISSED as a terminating sanction.

14  **IV.    Order and Recommendations**

15       Accordingly, the Court orders that all proceedings in this case are HEREBY STAYED

16  pending resolution of these Findings and Recommendations.

17       Furthermore, and for the reasons set forth above, the Court HEREBY RECOMMENDS as

18  follows:

19       1.    Plaintiff's Motion for Relief from Judgment (ECF No. 34) be DENIED; and

20       2.    This case be DISMISSED WITH PREJUDICE for bad faith conduct.

21       These Findings and Recommendations will be submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

23  **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff

24  may file written objections with the Court.  The document should be captioned "Objections to

25  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

26  objections within the specified time may result in the waiver of the "right to challenge the

27  ///

28  ///

magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 17, 2021**                        /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE